COPE, J.
Corrie D. Chambers appeals an order which denied, in part, his motion to correct illegal sentence. The State concedes that there is an error in the order.
Defendant-appellant was found guilty of count 1, burglary with an assault with a firearm, and count 2, armed robbery. In the sentencing order, the court adjudicated him a habitual violent felony offender on both counts and imposed a life sentence with a mandatory minimum term of fifteen years.
Defendant filed a motion to correct illegal sentence, asserting that count 1 was a life felony and that under the version of the habitual offender statute in effect on the date of the crime,[1] habitualization was not permissible. The State concedes that the defendant’s argument on this point is correct. State v. Thompson, 750 So.2d 643 (Fla.1999). The trial court entered an order granting relief, but through what is obviously a scrivener’s error, vacated the habitualization on count 2 rather than count 1.
We therefore reverse the order now before us and remand with directions to resentence the defendant on count 1. By virtue of this reversal, the sentence on count 2 will remain a life sentence as a habitual violent felony offender with a fifteen year mandatory minimum term, as originally imposed. Because the sentence on count 2 will remain intact, the defendant need not be personally present for resentencing on count 1.
*686 Defendant also contends that the trial court made a procedural error by failing to adjudicate him as a habitual violent felony offender. He contends that such an error requires that he be resen-tenced under the sentencing guidelines. Defendant’s factual premise is incorrect. The sentencing order reflects that the trial court did, in fact, adjudicate him to be a habitual violent felony offender. As already stated, this was permissible on count 2 but not count 1.
Reversed and remanded for further proceedings consistent herewith.

. The crime dale was July 31, 1996.